**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES E. MWAIPUNGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:14-cv-1996-JAR |
| v. ) | |
| ) | |
| LORETTA E. LYNCH ) | |
| U.S. Attorney General, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

COMES NOW Defendant, by and through his undersigned counsel, and pursuant to

Local Rule 7 - 4.01(E), offers the following Statement of Uncontroverted Material Facts:

1.      Plaintiff James Edward Mwaipungu was born on ███████, 1975.  Ex. 1,

Mwaipungu Dep. at 26.[1]

2.      Plaintiff testified at his deposition that he has consistently maintained throughout

his life that he was born in the United States after his biological parents came to New York from

Tanzania in the 1970s to visit friends.  *Id.* at 19, 90.  He does not have a birth certificate from a

United States hospital showing that he was born in the United States.  *Id.* at 25, 40; AR 213.  His

biological mother, Chaisuku Mfaume, a native and citizen of Tanzania, died in 1999, and his

biological father, Edward James Mwaipungu, a native and citizen of Tanzania, died in 2012.  Ex.

1, Mwaipungu Dep. at 8-10, 24-25.

---

[1]  All pages from the certified transcript of Mr. Mwaipungu's April 15, 2015 deposition
that are cited in this Statement of Uncontroverted Facts are included in Exhibit 1.  Mr.
Mwaipungu also testified under oath on June 22, 2011 during his administrative removal
proceedings.  Citations to the Certified Administrative Record are denoted as "AR," and the
Court has a copy of this record that was provided when the Eighth Circuit Court of Appeals
transferred the case to this Court.

3.      Plaintiff is unable to produce any documentation to show that his parents were visiting in the United States in the 1970s as he claims.  *Id.* at 24, 28.  Plaintiff is also unable to produce any photographs showing his presence in the United States in the 1970s.  *Id.* at 28. Moreover, Plaintiff is unable to identify a single living witness who can testify to having seen Plaintiff in the United States as a baby, or for any of the six years that Plaintiff claims he was in the United States in the late 1970s and early 1980s before allegedly returning to Tanzania.  *Id.* at 26-27.

4.      Plaintiff grew up in Tanzania from at least the age of 6 to age 17.  *Id.* at 71.

5.      Plaintiff later determined to attend college in the United States.  *Id.* at 71-73.

6.      Plaintiff applied to New Hampshire College (now Southern New Hampshire University) in 1994 as an international student.  *See* Ex. 2, Certified Records of Southern New Hampshire University ("SNHU").  A certified copy of his handwritten and signed application to New Hampshire College indicates that Plaintiff, in 1994, identified his country of birth as "Tanzania."  *Id.*  Plaintiff's signature appears below his certification where he attested "that the information contained in the application . . . is true and complete to the best of my knowledge." *Id; see also* Ex. 1, Mwaipungu Dep. at 72-73.

7.      In order to come to the United States to attend New Hampshire College, Plaintiff sought to obtain a multi-entry visa to allow him to travel from Tanzania.  Accordingly, Plaintiff presented his Tanzanian passport -- reflecting that he was born in "D'Salaam" Tanzania -- to the U.S. Embassy in Dar es Salaam, Tanzania, and received an F-1 multiple entry visa on August 29, 1994 which would allow him to enter the United States on multiple occasions up through August 28, 1996.  Administrative Record, AR 286-87.  Ex. 1, Mwaipungu Dep. at 74-77, 131; Ex. 3, Certified Records of the Department of Homeland Security ("DHS"), Tanzania Passport Copy.

8.      Plaintiff submitted an application for a Social Security Number on September 4, 1994.  *See* Ex. 4, Certified records of the U.S. Social Security Administration.  The handwritten application submitted by Mr. Mwaipungu shows that he presented his Tanzanian passport and I-94 stamp as proof of identification, and identified his place of birth as "D'Salaam Tanzania."  *Id.* Mr. Mwaipungu's signature appears on the form underneath a written warning that states, "Deliberately furnishing (or causing to be furnished) false information on this application is a crime punishable by fine or imprisonment, or both."  *Id.*

9.      After Plaintiff arrived in the United States, he met a U.S. citizen by the name of Laura Morse who he subsequently married on February 15, 1997.  Ex. 1, Mwaipungu Dep. at 81, 84-87.  The certified copy of the certificate of marriage, as produced by the Commonwealth of Massachusetts, City Clerk of Haverhill, indicates that Plaintiff's birthplace was "Disalaam [sic], Tanzania."  *Id.  See also* AR 301, Ex. 3, Certified Records of DHS (Marriage Certificate).

10.     Plaintiff and Laura Morse (then Laura Mwaipungu) had a baby girl who was born on September 16, 1997.  Ex. 1, Mwaipungu Dep. at 82.  The certified copy of the certificate of birth, as produced by the Commonweath of Massachusetts, City Clerk of Haverhill, reflects that Plaintiff's birthplace is "Dar Es Sacaam [sic], Tanzania." *Id.* at 124-28.  *See also* AR 303, Ex. 3, Certified Records of DHS (Daughter Birth Certificate).

11.     DHS records reflect that Laura Mwaipungu signed an I-130 Petition for Alien Relative on May 15, 1998, that was received by the Immigration and Naturalization Service on June 16, 1998, in which she certified, under penalty of perjury, that the information contained on the form was "true and correct."  AR 298-99, Ex. 3, Certified Records of DHS (I-130 Petition). The form indicates that Mr. James E. Mwaipungu was born in "Disalaam [sic], Tanzania."  *Id. See also* Ex. 1, Mwaipungu Dep. at 94, 99-100.

12.     Simultaneous with the submission of the I-130 Petition, on June 16, 1998, Plaintiff submitted to the Immigration and Naturalization Service an I-485 Application to Register Permanent Residence or Adjust Status.  AR 291-94.  This form, signed by Plaintiff "under penalty of perjury" and, in which he certified that the information he provided was "true and correct," reflects that Plaintiff's Country of Birth was "Tanzania."  *Id.  See also* Ex. 1, Mwaipungu Dep. at 106-111, Ex. 3, Certified Records of DHS ( I-485 Application).

13.     Plaintiff attached a birth certificate to the I-485 application.  Ex. 3, Certified Records of DHS (Tanzania Birth Certificate).  The certificate of birth purports to be from "The United Republic of Tanzania."  *Id.*, AR 289.  The certificate indicates that a male son named "James" was born on ███████, 1975 to Mr. Edward James Mwaipungu and Ms. Chiku Mfaume, both citizens of Tanzania, in a maternity home in "Dar es Salaam" Tanzania.  *Id.  See also* Ex. 1, Mwaipungu Dep. at 48-50.

14.     Although Plaintiff and his wife were called in by the INS for an interview on their applications, they never appeared, and the agency subsequently denied the applications as abandoned on October 25, 1999.  Ex. 1, Mwaipungu Dep. at 96-106, AR 446.

15.     Because Plaintiff was no longer attending New Hampshire College, and because he had overstayed his authority to remain in the United States, the Immigration and Naturalization Service placed Plaintiff in removal proceedings on November 5, 1999.  AR 446.

16.     On December 15, 1999, Plaintiff's mother passed away in Tanzania, and Plaintiff decided to return to Tanzania to attend the funeral.  Ex. 1, Mwaipungu Dep. at 9, 132-34.  He traveled back to Tanzania using his Tanzanian passport that reflects his place of birth as "D'Salaam, Tanzania."  *Id.* Ex. 3, Certified Records of DHS (Tanzania Passport), AR 286-87.

4

17.     Certified records from the U.S. Department of State reflect that on January 21, 2000, and again on January 24, 2000, Plaintiff applied for non-immigrant tourist (B1/B2) visas at the U.S. Embassy in Dar es Salaam, Tanzania, with the hope of returning to the United States. Ex. 5, Certified Records of the U.S. Department of State (DOS), Mwaipungu Visa Applications, AR 210-11, 446.

18.     The State Department records indicate that Plaintiff, on both occasions in January 2000, presented his Tanzanian passport and identified himself as having been born in Tanzania. The handwritten attachments contain oaths signed by Mr. Mwaipungu, certifying that the information he provided in support of his application was true and correct to the best of his belief.  *Id.*  Plaintiff admitted under oath during his removal proceedings that he filled out the visa application forms on his own, and indicated that he was born in Dar es Salaam, Tanzania. AR 210-11; *Cf.* Ex. 1, Mwaipungu Dep. at 140-46, 148-50.

19.     The State Department denied Plaintiff the visas, and Plaintiff determined to return to the United States by other means.  Ex. 1, Mwaipungu Dep. at 172-73, Ex. 4, Certified Records of DOS.

20.     Meanwhile, and perhaps unknown to Plaintiff, an Immigration Judge in the United States ordered Plaintiff deported *in absentia* when he did not appear for his removal proceedings in the United States on February 10, 2000.[2]  AR 446.

21.     In April 2000, after being denied visas to return to the United States, Plaintiff flew from Tanzania to Belgium to Italy to Canada.  Ex. 1, Mwaipungu Dep. at 172-75.  In Italy,

---

[2]  Mr. Mwaipungu's immigration proceedings were reopened several years later as it was determined that Plaintiff had voluntarily departed the United States in December 1999, prior to the issuance of the February 2000 order of deportation.

Plaintiff purchased identification papers of an individual named Joseph Allen Huckaby, a United States citizen. *Id.* at 173, AR 446.

22.     On April 19, 2000, Plaintiff was apprehended while attempting to enter the United States by an Immigration Inspector at the Highgate, Vermont Port of Entry. AR 446. At the time, Plaintiff was informed that he had been ordered removed from the United States by an Immigration Judge, and therefore he did not have authority to return. *Id.* Plaintiff was returned to Canadian Immigration where he was taken into custody. *Id.;* Ex. 1, Mwaipungu Dep. at 176-78.

23.     While in Canadian custody, a search revealed that Plaintiff possessed a photo-substituted U.S. Passport using Plaintiff's photograph, but identity information for a U.S. citizen named Joseph Allen Huckaby. AR 446. Plaintiff admitted that he paid $200 for this (fake) passport. AR 215-16.

24.     After being released from Canadian custody, Plaintiff again attempted to enter the United States and successfully did so sometime later in 2000. Ex.1, Mwaipungu Dep. at 181-82. At his removal proceedings, Plaintiff testified that he did not have any documents allowing him to come back to the United States at that time, but that he "snuck in" without being admitted or paroled. AR 210, 214-15, 217. Plaintiff testified at his deposition that he has not left the United States since 2000. Ex. 1, Mwaipungu Dep. at 182.

25.     On February 19, 2004, Plaintiff applied for a replacement social security card with the U.S. Social Security Administration. *See* Ex. 4, Certified Records of the U.S. Social Security Administration. The form indicates that the applicant, Mr. James E. Mwaipungu is "foreign born," and that his place of birth is "DSalaam," [sic] Tanzania. *Id.* Mr. Mwaipungu's handwritten signature and date appear on the document under a written warning that states,

"Deliberately furnishing (or causing to be furnished) false information on this application is a crime punishable by fine or imprisonment, or both." *Id.*

26.     On June 20, 2008, Plaintiff was indicted in the U.S. District Court for the Eastern District of Missouri for "knowingly mak[ing] a false statement in an application for a [U.S.] passport" in violation of 18 U.S.C. § 1542.  AR 310-11, Ex. 6, Records from Dkt No. 4:08cr502 JCH (E.D. Mo.).

27.     On January 30, 2009, Plaintiff entered into a plea agreement in which he pleaded guilty to having purchased the identification of a U.S. citizen named Julio Rivera-Rodriguez, and adopting this identification as his own as he attempted to apply for a U.S. passport.  Ex. 1, Mwaipungu Dep. at 89, 160-61, 171-72; Ex. 6, Records from Dkt No. 4:08cr502 JCH (E.D. Mo.), Plea Agreement.  Having been convicted of making a false statement in an application for a U.S. Passport, Plaintiff was sentenced to "time served," placed on supervised release for a term of three years, and fined $100.00.  AR 305-09; Ex. 1, Mwaipungu Dep. at 171-72, Ex. 6, Records from Dkt No. 4:08cr502 JCH (E.D. Mo.), Judgment.

28.     On August 20, 2008, Plaintiff was placed in removal proceedings and charged with being subject to removal pursuant to Section 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represented himself to be a citizen of the United States; Section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and Section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not being in possession of a valid, unexpired immigrant visa or other travel document as required under the Act.  AR 452-53.

29.     Plaintiff challenged his removal on the basis of his claim that he is a U.S. citizen by birth.  *See generally,* Certified Administrative Record.

30.     After a full hearing in immigration court in which Plaintiff orally testified and presented his father (now deceased) as a witness, an Immigration Judge found that Plaintiff was removable as charged, that his claim to United States citizenship was "meritless," and ordered Plaintiff removed to Tanzania.  AR 124, 130-143.

31.     Plaintiff appealed the Immigration Judge's decision to the Board of Immigration Appeals which dismissed the appeal in a written opinion.  AR 3-5.

32.     Plaintiff filed a petition for review in the U.S. Court of Appeals for the Eighth Circuit, and that Court transferred the matter to this Court pursuant to 8 U.S.C. § 1252(b)(5) for this Court to make a determination on Plaintiff's claim that he is a United States citizen by virtue of his being born in the United States.  *See* Order of Transfer, *Mwaipungu v. Holder* (8th Cir. Case No. 14-2214).

33.     During his removal proceedings, on June 10, 2011, Plaintiff produced a document that purports to be a faxed copy of a certificate of birth from the United Republic of Tanzania in which his place of birth is listed as "New York -- USA."  AR 274.

34.     At his removal proceedings, Plaintiff testified that the document was faxed from Tanzania, but did not know who faxed it and could not provide any information about where the original birth certificate (or the faxed copy) was located.  AR 195.

35.     When questioned about this document at his deposition on April 15, 2015, Plaintiff admitted that he does not have a certified copy of this document, and could not provide any details about how he obtained the document, or how it appeared in the record.  Ex. 1, Mwaipungu Dep. at 58-69.  He testified that he does not possess another copy of the document

with a legible birth certificate number.  *Id.* at 62-64.  He testified that he had no explanation for the fact that there are two "birth certificates" in the record showing that he was born in two different countries.  *Id.* at 70.

36.     The official agency in the Republic of Tanzania for registering births is known as the Registration Insolvency and Trusteeship Agency ("RITA").  *See* Ex. 7, RITA On-Line Website: http://www.rita.go.tz/page.php?pg=82&lang=en (last checked May 7, 2015).

37.     The website has Frequently Asked Questions (FAQs) regarding its system of registering births.  The following comes directly from that website:

BIRTHS AND DEATHS - FAQs

1.  I am a Tanzanian born abroad; can I obtain a birth certificate from your office?
    ◦Tanzanian born abroad cannot obtain birth certificate in Tanzania in Tanzania Mainland. The law governing births and deaths registration does not allow to register birth events that occurred abroad.  *Id.*

38.     During his removal proceedings, Plaintiff's father, Edward James Mwaipungu, testified before an Immigration Judge on June 22, 2011, approximately one year before his death. AR 165-192.

39.     Certified Records of the U.S. Department of State reveal that when Plaintiff's father, Mr. Edward James Mwaipungu, applied for his visa to come to the United States on November 30, 2010, he took an oath pursuant to 22 C.F.R. § 40.1(I)(2) to certify that the information he was providing in support of his application was true and correct to the best of his belief.  Ex. 5, Certified Records of DOS (Edward Mwaipungu Visa Application).  His application form shows that in the process of answering questions, Mr. Edward Mwaipungu

attested that he had never before been issued a United States visa, and that he had never before visited the United States.  *Id.*

      40.    During Plaintiff's April 15, 2015 deposition, the following exchange took place:

      Q.  But, you know, right now, for instance, if I were to ask you, show me all your proof of United States birth, what would you show me?

      A.  It would be a tough one.  I couldn't show you anything.

Ex. 1, Mwaipungu Dep. at 129.


Dated: May 12, 2015               Respectfully submitted,

                                        BENJAMIN C. MIZER
                                        Principal Deputy Assistant Attorney General
                                        Civil Division

                                        MICHELLE G. LATOUR
                                        Deputy Director
                                        Office of Immigration Litigation


                                        /s *Victor M. Lawrence*
                                        VICTOR M. LAWRENCE
                                        Senior Litigation Counsel
                                        Office of Immigration Litigation
                                        Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 878, Ben Franklin Station
                                        Washington, DC 20044
                                        Telephone: (202) 305-8878
                                        Facsimile: (202) 305-7000
                                        Email: victor.lawrence@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May 2015, I served the foregoing on Plaintiff's

lead counsel of record via electronic mail to the following address:

> TIMOTHY E. WICHMER
> Wichmer & Groneck, LLC
> 230 South Bemiston Avenue
> Suite 640
> St. Louis, MO 63105
> Phone: (314) 863-1212
> tim@immigrantlawcenter.com

> /s *Victor M. Lawrence*
> VICTOR M. LAWRENCE