UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD MWAIPUNGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 4:14CV-1996 JAR |
| LORETTA E. LYNCH, ) | |
| United States Attorney General, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

COMES NOW Plaintiff James Edward Mwaipungu (Plaintiff), by and through counsel, and hereby responds to Defendant's Statement of Uncontroverted Material Facts as follows.

**Statement 1.** Plaintiff James Edward Mwaipungu was born on [redacted], 1975.

**Response:** Not disputed.

**Statement 2.** Plaintiff testified at his deposition that he has consistently maintained throughout his life that he was born in the United States after his biological parents came to New York from Tanzania in the 1970s to visit friends. He does not have a birth certificate from a United States hospital showing that he was born in the United States.

1

His biological mother, Chaisuku Mfaume, a native and citizen of Tanzania, died in 1999, and his biological father, Edward James Mwaipungu, a native and citizen of Tanzania, died in 2012.

**Response:** Not disputed.

**Statement 3.** Plaintiff is unable to produce any documentation to show that his parents were visiting in the United States in the 1970s as he claims. Plaintiff is also unable to produce any photographs showing his presence in the United States in the 1970s. Moreover, Plaintiff is unable to identify a single living witness who can testify to having seen Plaintiff in the United States as a baby, or for any of the six years that Plaintiff claims he was in the United States in the late 1970s and early 1980s before allegedly returning to Tanzania.

**Response:** Disputed. Plaintiff has identified potentially living witnesses, Mr. and Ms. Brown (his parents' friends) but has been unable to locate them despite diligent efforts. Plaintiff has also provided the testimony of a witness, his father, who was living at the time of his testimony. AR 165-92.

**Statement 4.** Plaintiff grew up in Tanzania from at least the age of 6 to age 17.

**Response:** Not disputed, so long as the ages given are understood to be approximations.

**Statement 5.** Plaintiff later determined to attend college in the United States.

**Response:** Not disputed.

**Statement 6.** Plaintiff applied to New Hampshire College (now Southern New Hampshire University) in 1994 as an international student. A certified copy of his handwritten and signed application to New Hampshire College indicates that Plaintiff, in 1994, identified his country of birth as Tanzania. Plaintiff's signature appears below his certification where he attested "that the information contained in the application . . . is true and complete to the best of my knowledge."

**Response:** Not disputed.

**Statement 7.** In order to come to the United States to attend New Hampshire College, Plaintiff sought to obtain a multi-entry visa to allow him to travel from Tanzania. Accordingly, Plaintiff presented his Tanzanian passport reflecting that he was born in "D'Salaam" Tanzania -- to the U.S. Embassy in Dar es Salaam, Tanzania, and received an F-1 multiple entry visa on August 29, 1994 which would allow him to enter the United States on multiple occasions up through August 28, 1996.

**Response:** Not disputed.

**Statement 8.** Plaintiff submitted an application for a Social Security Number on September 4, 1994. The handwritten Application submitted by Mr. Mwaipungu shows that he presented his Tanzanian passport and I-94 stamp as proof of identification, and identified his place of birth as "D'Salaam Tanzania." Mr. Mwaipungu's signature appears on the form underneath a written warning that states, "Deliberately furnishing (or causing to be furnished) false information on this application is a crime punishable by fine or imprisonment, or both."

**Response**: Disputed insofar as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 9**. After Plaintiff arrived in the United States, he met a U.S. citizen by the name of Laura Morse who he subsequently married on February 15, 1997. The certified copy of the certificate of marriage, as produced by the Commonwealth of Massachusetts, City Clerk of Haverhill, indicates that Plaintiff's birthplace was "Disalaam[sic], Tanzania."

**Response**: Not disputed.

**Statement 10**. Plaintiff and Laura Morse (then Laura Mwaipungu) had a baby girl who was born on September 16, 1997. The certified copy of

the certificate of birth, as produced by the Commonwealth of Massachusetts, City Clerk of Haverhill, reflects that

Plaintiff's birthplace is "Dar Es Sacaam [sic], Tanzania."

**Response**: Not disputed.

**Statement 11**. DHS records reflect that Laura Mwaipungu signed an I-130 Petition for Alien Relative on May 15, 1998, that was received by the Immigration and Naturalization Service on June 16, 1998, in which she certified, under penalty of perjury, that the information contained on the form was "true and correct."

**Response**: Not disputed.

**Statement 12.** The form indicates that Mr. James E. Mwaipungu was born in "Disalaam [sic], Tanzania." the I-130 Petition, on June 16, 1998, Plaintiff submitted to the Immigration and Naturalization Service an I-485 Application to Register Permanent Residence or Adjust Status. This form, signed by Plaintiff "under penalty of perjury" and, in which he certified that the information he provided was "true and correct," reflects that Plaintiff's Country of Birth was "Tanzania."

**Response:** Disputed insofar as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 13.** Plaintiff attached a birth certificate to the I-485 application. The certificate of birth purports to be from "The United Republic of Tanzania." The certificate indicates that a male son named "James" was born on [redacted], 1975 to Mr. Edward James Mwaipungu and Ms. Chiku Mfaume, both citizens of Tanzania, in a maternity home in "Dar es Salaam" Tanzania.

**Response:** Not disputed.

**Statement 14.** Although Plaintiff and his wife were called in by the INS for an interview on their applications, they never appeared, and the agency subsequently denied the applications as abandoned on October 25, 1999.

**Response:** Not disputed.

**Statement 15.** Because Plaintiff was no longer attending New Hampshire College, and because he had overstayed his authority to remain in the United States, the Immigration and Naturalization Service placed Plaintiff in removal proceedings on November 5, 1999.

**Response:** Not disputed, with the proviso that a United States citizen cannot be lawfully removed from the United States.

**Statement 16.** On December 15, 1999, Plaintiff's mother passed away in Tanzania, and Plaintiff decided to return to Tanzania to attend the funeral.

He traveled back to Tanzania using his Tanzanian passport that reflects his place of birth as "D'Salaam, Tanzania."

**Response:** Not disputed.

**Statement 17.** Certified records from the U.S. Department of State reflect that on January 21, 2000, and again on January 24, 2000, Plaintiff applied for non-immigrant tourist (B1/B2) visas at the U.S. Embassy in Dar es Salaam, Tanzania, with the hope of returning to the United States.

**Response:** Not disputed.

**Statement 18.** The State Department records indicate that Plaintiff, on both occasions in January 2000, presented his Tanzanian passport and identified himself as having been born in Tanzania. The handwritten attachments contain oaths signed by Mr. Mwaipungu, certifying that the information he providedin support of his application was true and correct to the best of his belief. Plaintiff admitted under oath during his removal proceedings that he filled out the visa application forms on his own, and indicated that he was born in Dar es Salaam, Tanzania.

**Response:** Disputed insofar as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 19.** The State Department denied Plaintiff the visas, and Plaintiff determined to return to the United States by other means.

**Response:** Not disputed.

**Statement 20.** Meanwhile, and perhaps unknown to Plaintiff, an Immigration Judge in the United States ordered Plaintiff deported *in absentia* when he did not appear for his removal proceedings in the United States on February 10, 2000. Mr. Mwaipungu's immigration proceedings were reopened several years later as it was determined that Plaintiff had voluntarily departed the United States in December 1999, prior to the issuance of the February 2000 order of deportation.

**Response:** Not disputed.

**Statement 21.** In April 2000, after being denied visas to return to the United States, Plaintiff flew from Tanzania to Belgium to Italy to Canada. In Italy, Plaintiff purchased identification papers of an individual named Joseph Allen Huckaby, a United States citizen.

**Response:** Disputed with regard to the second sentence only. Defendant's citations do not support this second sentence and Plaintiff further disputes this statement as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 22.** On April 19, 2000, Plaintiff was apprehended while attempting to enter the United States by an Immigration Inspector at the Highgate, Vermont Port of Entry. At the time, Plaintiff was informed that he had been ordered removed from the United States by an Immigration Judge, and therefore he did not have authority to return.
Plaintiff was returned to Canadian Immigration where he was taken into custody.

**Response:** Not disputed.

**Statement 23.** While in Canadian custody, a search revealed that Plaintiff possessed a photo-substituted U.S. Passport using Plaintiff's photograph, but identity information for a U.S. citizen named Joseph Allen Huckaby. Plaintiff admitted that he paid $200 for this (fake) passport.

**Response:** Not disputed except to the extent that the statement implicates matters arising from Plaintiff's deposition protected by Plaintiff's Fifth Amendment privilege against self-incrimination. Plaintiff further stated on the record that he never used such passport. AR 215.

**Statement 24.** After being released from Canadian custody, Plaintiff again attempted to enter the United States and successfully did so sometime later in 2000. At his removal proceedings, Plaintiff

9

testified that he did not have any documents allowing him to come back to the United States at that time, but that he "snuck in" without being admitted or paroled. Plaintiff testified at his deposition that he has not left the United States since 2000.

**Response:** Disputed insofar as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 25.** On February 19, 2004, Plaintiff applied for a replacement social security card with the U.S. Social Security Administration. The form indicates that the applicant, Mr. James E. Mwaipungu is "foreign born," and that his place of birth is "DSalaam," [sic] Tanzania. Mr. Mwaipungu's handwritten signature and date appear on the document under a written warning that states,
"Deliberately furnishing (or causing to be furnished) false information on this application is a crime punishable by fine or imprisonment, or both."

**Response:** Disputed insofar as the statement implicates matters protected by Plaintiff's Fifth Amendment privilege against self-incrimination.

**Statement 26.** On June 20, 2008, Plaintiff was indicted in the U.S. District Court for the Eastern District of Missouri for "knowingly mak[ing] a

false statement in an application for a [U.S.] passport" in violation of 18 U.S.C. § 1542.

**Response:** Disputed. Plaintiff was indicted on August 21, 2008.

**Statement 27.** On January 30, 2009, Plaintiff entered into a plea agreement in which he pleaded guilty to having purchased the identification of a U.S. citizen named Julio Rivera-Rodriguez, and adopting this identification as his own as he attempted to apply for a U.S. passport. Having been convicted of making a false statement in an application for a U.S. Passport, Plaintiff was sentenced to "time served," placed on supervised release for a term of three years, and fined $100.00.

**Response:** Not disputed.

**Statement 28.** On August 20, 2008, Plaintiff was placed in removal proceedings and charged with being subject to removal pursuant to Section 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represented himself to be a citizen of the United States; Section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and Section 212(a)(7)(A)(i)(I), 8 U.S.C. §1182(a)(7)(A)(i)(I), for not being in possession of a valid, unexpired immigrant visa or other

travel document as required under the Act.

**Response:** Not disputed.

**Statement 29.** Plaintiff challenged his removal on the basis of his claim that he is a U.S. citizen by birth.

**Response:** Not disputed.

**Statement 30.** After a full hearing in immigration court in which Plaintiff orally testified and presented his father (now deceased) as a witness, an Immigration Judge found that Plaintiff was removable as charged, that his claim to United States citizenship was "meritless," and ordered Plaintiff removed to Tanzania.

**Response:** Not disputed.

**Statement 31.** Plaintiff appealed the Immigration Judge's decision to the Board of Immigration Appeals which dismissed the appeal in a written opinion.

**Response:** Not disputed.

**Statement 32.** Plaintiff filed a petition for review in the U.S. Court of Appeals for the Eighth Circuit, and that Court transferred the matter to this Court pursuant to 8 U.S.C. § 1252(b)(5) for this Court to make a determination on Plaintiff's claim that he is a United States citizen by virtue of his being born in the United States.

**Response:** Not disputed.

**Statement 33.** During his removal proceedings, on June 10, 2011, Plaintiff produced a document that purports to be a faxed copy of a certificate of birth from the United Republic of Tanzania in which His place of birth is listed as "New York -- USA."

**Response:** Not disputed.

**Statement 34.** At his removal proceedings, Plaintiff testified that the document was faxed from Tanzania, but did not know who faxed it and could not provide any information about where the original birth certificate (or the faxed copy) was located.

**Response:** Disputed. Plaintiff stated that he believed his uncle or his eldest sister faxed the certificate and that it had been in possession of his grandmother. AR 195.

**Statement 35.** When questioned about this document at his deposition on April 15, 2015, Plaintiff admitted that he does not have a certified copy of this document, and could not provide any details about how he obtained the document, or how it appeared in the record. He testified that he does not possess another copy of the document

with a legible birth certificate number. He testified that he had no explanation for the fact that there are two "birth certificates" in the record showing that he was born in two different countries.

**Response:** Not disputed.

**Statement 36.** The official agency in the Republic of Tanzania for registering births is known as the Registration Insolvency and Trusteeship Agency ("RITA").

**Response:** Not disputed.

**Statement 37.** The website has Frequently Asked Questions (FAQs) regarding its system of registering births. The following comes directly from that website: BIRTHS AND DEATHS - FAQs 1. I am a Tanzanian born abroad; can I obtain a birth certificate from your office? ◦ Tanzanian born abroad cannot obtain birth certificate in Tanzania in Tanzania Mainland. The law governing births and deaths registration does not allow to register birth events that occurred abroad.

**Response:** Disputed. OBJECTION as to relevance – even if statement is true, it has no bearing on whether such was the case at the time of Plaintiff's birth, which is the only relevant question in determining his birthplace/citizenship.

**Statement 38.** During his removal proceedings, Plaintiff's father, Edward James Mwaipungu, testified before an Immigration Judge on June 22, 2011, approximately one year before his death.

**Response:** Not disputed.

**Statement 39.** Certified Records of the U.S. Department of State Reveal that when Plaintiff's father, Mr. Edward James Mwaipungu, applied for his visa to come to the United States on November 30, 2010, he took an oath pursuant to 22 C.F.R. § 40.1(I)(2) to certify that the information he was providing in support of his application was true and correct to the best of his belief. His application form shows that in the process of answering questions, Mr. Edward Mwaipungu attested that he had never before been issued a United States visa, and that he had never before visited the United States.

**Response:** Disputed. The record provided by Defendant is an electronically stored summary of what Plaintiff's father is alleged to have stated. There is no evidence that Plaintiff's father filled in the electronic information himself. Further, there is no evidence as to the administration of an oath to Plaintiff's father. Further, these records constitute not just hearsay, but double hearsay, regardless of the certification of the records.

They are unfairly prejudicial, without sufficient foundation, and would be inadmissible at trial.

**Statement 40.** During Plaintiff's April 15, 2015 deposition, the following exchange took place: Q. But, you know, right now, for instance, if I were to ask you, show me all your proof of United States birth, what would you show me? A. It would be a tough one. I couldn't show you anything.

**Response:** OBJECTION. The statement is argumentative and irrelevant.

Respectfully submitted,

/s/ Timothy E. Wichmer

_____
Timothy E. Wichmer
Wichmer & Groneck, LLC
230 South Bemiston, Suite 640
St. Louis, MO 63105
314-863-1212
314-727-2882 fax
tim@immigrantlawcenter.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2015, the foregoing was filed electronically via the Court's CM/ECF system with service via the system to Victor Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, U.S. DOJ, Civil Div., P.O. Box 878, Ben Franklin Station, Washington, D.C. 20044, Victor.Lawrence@usdoj.gov.

/s/ Timothy E. Wichmer
_____
Timothy E. Wichmer